No. 360.—J. J. LONG *v.* L. TEMPLEMAN, Curator.

Where the principal and the surety on a promissory note reside in another State at the time of the making of the note, and the principal afterward removes to Louisiana, and the surety is compelled to pay the note where it was made, the surety can recover from the principal obligor in this State the amount which he has paid.

A PPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee,* J. *Egan, Williamson & Wise,* for plaintiff and appellant. *Nutt & Leonard,* for defendant and appellee.

HOWELL, J. The plaintiff alleges that the succession of J. R. J. Daniel is indebted to him in the sum of five thousand dollars, with six per cent. interest, from January 1, 1860, in this, that on the eighteenth of March, 1856, the said Daniel executed his promissory note in North Carolina for said sum with plaintiff and three others as sureties, on which the said Daniel paid the interest to the first of January, 1860, and which he was compelled to pay. The defense is a general denial and the plea of prescription.

It is in evidence that when plaintiff paid the note it was not prescribed by the laws of North Carolina, where it was executed. If it was not prescribed by the laws of that State, neither the plaintiff, as surety, nor the principal Daniel could interpose the prescription of the laws of Louisiana against the liability to pay in North Carolina, and prescription not having accrued since the surety paid, the plea is not well made.

The case of Gates *v.* Renfroe, 7 An. 169, relied on by defendant

decides, so far as applicable to this case, that the surety who had paid without being sued, and without giving the principal notice, when the principal was not, by the laws of the State where the surety resided and the contract was made, bound to pay, could not recover from the latter in this State. In this case the principal obligor was bound by the laws of the State where the contract was made and the surety resided to pay, and hence the surety who paid there can recover of the principal obligor here. But he can recover only what he has paid, which is shown to be only four thousand dollars, with six per cent. interest, as allowed by the laws of North Carolina, from the date of payment, twentieth of March, 1869. We regard plaintiff's action as one simply to recover what he paid as surety, and not as the holder and owner of a negotiable note.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff be recognized as a creditor of the succession of J. R. J. Daniel, represented by L. Templeman, curator, in the sum of four thousand dollars, with six per cent. interest from January 1, 1869, to be paid in due course of administration. Costs of both courts to be paid by said succession.